UNITED STATES BANKRUPTCY COURT        Hearing Date: February 24, 2010
EASTERN DISTRICT OF NEW YORK                       9:30 a.m.
-------------------------------------------------------------X
In re:

                                                Case No.8-09-78175-ast

    NIJO Properties, Inc.,                                  Chapter 11

                                 Debtor                          **NOTICE**
-------------------------------------------------------------X
To the Debtor and Other Parties In Interest:

        PLEASE TAKE NOTICE THAT:

        Upon the application of the United States Trustee- Region 2, a hearing will be held before the Honorable Alan S. Trust, United States Bankruptcy Judge of the United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York, Room 960, on February 24, 2010 at 9:30 a.m., or as soon thereafter as counsel may be heard, for an order converting the above-referenced Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code or, in the alternative, dismissing this Chapter 11 case and such other and further relief as may seem just and proper.

        The original application is on file with the Clerk of the Bankruptcy Court and with the United States Trustee and may be reviewed at either office during regular business hours.

        Responsive papers shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, PO Box 9013, Central Islip, New York 11722 in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court in accordance with General Order No. 463 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Alfred M. Dimino, Esq., no later than five (5) days prior to the hearing date set forth above.  Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

        The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated: Central Islip, New York
       January 28, 2010

                                        DIANA G. ADAMS
                                        UNITED STATES TRUSTEE-Region 2

                                        Office of the United States Trustee
                                        Long Island Federal Courthouse
                                        560 Federal Plaza
                                        Central Islip, New York  11722-4456
                                        Tel. No. (631) 715-7800

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing Date: February 24, 2010 |
| EASTERN DISTRICT OF NEW YORK | 9:30 a.m. |

-------------------------------------------------------------X
In re:

        Case No. 8-09-78175-ast

   NIJO Properties, Inc.,

        Chapter 11

              Debtor.

        **NOTICE OF MOTION**

-------------------------------------------------------------X

      PLEASE TAKE NOTICE that, upon the annexed application, the United States Trustee- Region 2 will move this Court before the Honorable Alan S. Trust, United States Bankruptcy Judge of the United States Bankruptcy Court at the Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York, Room 960, Central Islip, New York, on February 24, 2010 at 9:30 a.m., or as soon thereafter as counsel may be heard, for an order converting the above-referenced Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code or, in the alternative, dismissing this Chapter 11 case and such other and further relief as may seem just and proper.

      Responsive papers shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, PO Box 9013, Central Islip, New York 11722 in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court in accordance with General Order No. 463 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Alfred M. Dimino, Esq., no later than five (5) days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

      The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated: Central Islip, New York
      January 28, 2010        DIANA G. ADAMS
                              UNITED STATES TRUSTEE-REGION 2

                       By: **_s/ Alfred M. Dimino_**
                         Alfred M. Dimino

                         Trial Attorney
                         Office of the United States Trustee
                         Long Island Federal Courthouse
                         560 Federal Plaza
                         Central Islip, New York  11722-4456
                         Tel. No. (631) 715-7800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

    8-09-78175-ast

  NIJO Properties, Inc.,

    Chapter 11

                            Debtor.
------------------------------------------------------------X

**MOTION TO CONVERT THIS CASE TO A CASE UNDER
CHAPTER 7 OF THE BANKRUPTCY CODE OR, IN THE
ALTERNATIVE, TO DISMISS THE CHAPTER 11 CASE WITH PREJUDICE**

TO:    THE HONORABLE ALAN S. TRUST;
         UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 2 ( the "United States Trustee") in furtherance of her duties and responsibilities pursuant to 28 U.S.C. § 586(a)(3) and (5), does hereby make application to this Court for an order, under 11 U.S.C. § 1112(b), converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code or, alternatively, dismissing this case with prejudice (the "Motion"). In support of the Motion the United States Trustee alleges as follows:

**PRELIMINARY STATEMENT**

NIJO Properties, Inc. (the "Debtor"), filed a voluntary petition under chapter 11 of the Bankruptcy Code on October 28, 2009.

The Debtor's petition indicates that it is a real estate developer. The Debtor's schedules and statements reflect a single asset having no equity and no income for the last three years. The Debtor has failed to file monthly operating reports and pay quarterly fees.

As such, the United States Trustee submits cause exists to convert or dismiss this case;

1

# THE FILING

1. NIJO Properties, Inc.(the "Debtor") filed its chapter 11 bankruptcy case on October 28, 2009.

2. The Debtor filed the petition on October 28, 2009 and its schedules and statements on December 3, 2009.

3. The Debtor is represented by Weinberg Gross & Pergament, by Marc A. Pergament, Esq. in this case.

4. The Debtor is still in control of its property as a debtor in possession.

5. The United States Trustee has been unable to form a committee of unsecured creditors in this case.

6. The §341(a) meeting of creditors was held on December 4, 2009 and adjourned without date pending production of documents by the Debtor, including tax returns.

7. The Court has not held a case management conference in this case.

**The Debtor's Assets and the Debtor's Liabilities**

8. As indicated above, the Debtor did not file its schedules with the petition.

9. On October 28, 2009, the Court noted the deficient filing and on November 1, 2009 noticed the Debtor of the deficiencies.

10. The Debtor was required to file the schedules and statements on or before November 12, 2009.

11. The Debtor filed its schedules and statements on December 3, 2009, which was outside the prescribed time period.

12. The Debtor's schedules and statements reflect as follows: (a) the Debtor owns one asset, a commercial property located at 68 Sewell Street, Hempstead, New York (the "Property"); (b) the Debtor values the Property at $300,000; (c) the Property is encumbered by liens aggregating $648,382, including a mortgage in the amount of $180,000, a judgment lien in the amount of $468,382 (the "Judgment Creditor") and real estate tax liens; (d) the Debtor has one unsecured creditor, the Judgment Creditor; (e) the Debtor had no income over the past three years; and (f) the Debtor has one tenant whose monthly rent is $3,500.

13. The Debtor has failed to file monthly operating reports for October, November and December 2009.

14. The Debtor has failed to pay the quarterly due to the United States Trustee for the fourth quarter 2009.

15. The Court's legal docket reflects no activity in this case since the filing of the schedules and statements on December 3, 2009.

## ARGUMENT

**Conversion or Dismissal of This Case is Warranted**

16. The Bankruptcy Code at section 1112(b)(1) provides that on the request of a party in interest, and after notice and a hearing, the "Court shall convert a case to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditor and the estate, if the movant establishes cause." Section 1112(b)(4) of the Bankruptcy Code describes a variety of enumerated factors that may constitute "cause" for conversion or dismissal, including,

substantial or continued diminution of the estate and absence of a reasonable likelihood of rehabilitation, gross mismanagement of the estate, unexcused failure to satisfy timely any filing or reporting requirements, failure to timely provide information requested by the United States Trustee, failure to timely pay post petition taxes, or failure to pay fees required under title 28. 11 U.S.C. section 1112(b)(4).  The list is not exhaustive.  In re State Street Assoc., 348 B.R. 627 (Bankr. N.D.N.Y. 2006) (citing  In re 3 RAM, Inc., 343 B.R. 113 (Bankr. E.D. Pa. 2006) ).  See also In re The 1031 Tax Group, LLC, 374 B.R. 78 (Bankr. S.D.N.Y. 2007) (a case may be dismissed for reasons other than those specified in section 1112(b), as long as the reasons establish "cause").[1]

17. Absent unusual circumstances specifically identified by the Court,  the court must dismiss or convert a case under 11 U.S.C. section 1112(b) if cause is established, unless the debtor or other party in interest is able to show that there exists a reasonable justification for the act or omission and that it will be cured within a reasonable period of time fixed by the Court. 11 U.S.C. section 1112(b)(2).

18. The Debtor has failed to demonstrate any affirmative acts that would support the continuation of the chapter 11 case, such as complying with the minimum filing requirements OR advancing the case towards a successful reorganization.  In addition, the Debtor has failed to disclose any financial information which could lead to a different conclusion.

---

[1] Although decided before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA"), Second Circuit authority providing that the list of factors in pre-BAPCPA section 1112(b) was illustrative rather than all-inclusive is still applicable.  In re C-TC 9th Avenue Partnership., 113 F.3d 1304, 1311 (2nd Cir. 1997) (bankruptcy court may dismiss chapter 11 filing upon a finding that case was filed in "bad faith" even without consideration of the factors set out in section 1112(b)).

**Debtor Has Shown Continuing Losses, No Likelihood of Rehabilitation, Unexcused Failure to Timely File Schedules, Statements and Monthly Operating Reports and Failure to Pay Quarterly Fees**

19.     A continuing loss to the estate and an absence of a likelihood of rehabilitation constitutes cause for the dismissal or conversion of a chapter 11 case. 11 U.S.C. § 1112(b)(4)(A). Recognizing that the fundamental purpose of chapter 11 is to reorganize operations, courts have found cause to convert cases to chapter 7 under former section 1112(b)(1)[2], where debtors have ceased operations, or seek to self-liquidate their assets. See, In re Loop Corp., 290 B.R. 108 (D.Minn. 2003), aff'd 379 F.3d 511 (8th Cir. 2004) (affirming Bankruptcy Court's order converting liquidating Chapter 11 case to Chapter 7); In re East Coast Airways, Ltd., 146 B.R. 325, 326 (Bankr.E.D.N.Y. 1992) ("[a]bsent a reasonable amount of assets and a feasibly operating business, there is no reason for continuing a corporate debtor in Chapter 11").

20.     "To determine whether there is a continuing loss or a diminution of the estate, a court must make a full evaluation of the present condition of the estate, not merely look at a debtor's financial statements." In re AdBrite Corp., 290 B.R. 209, 215 (Bankr.S.D.N.Y. 2003). There need not be significant diminution to satisfy the first prong of section 1112(b)(4)(A). See, East Coast Airways, 146 B.R. at 336; In re Kanterman, 88 B.R. 26, 29 (S.D.N.Y. 1988).

21.     Since the filing of the Debtor's case on October 28, 2009, the Debtor has not filed the required Schedules and Statements in a timely manner, has failed to file any of the required monthly operating reports and failed to pay the quarterly fees to the United States Trustee. In the

---

[2]     As a result of the 2005 amendments to the Bankruptcy Code, former section 1112(b)(1) has been renumbered as section 1112(b)(4)(A).

absence of monthly operating reports that could demonstrate that its finances can be rehabilitated, it can only be assumed that the Debtor is operating at a loss. Moreover, the Debtor's failure to pay quarterly fees, only supports the United States Trustee's position that the Debtor is operating at a deficit cash position and will continue to do so, leading to a further diminution of the Estate. " . . .[R]ehabilitation means to put back in good condition and reestablish on a sound basis." Adbrite, 290 B.R. at 216, see also In re Rundlett, 136 B.R. 376, 380 (Bankr.S.D.N.Y. 1992) ("[r]ehabilitation signifies that the debtor will be reestablished on a sound financial basis, which implies establishing a cash flow from which current obligations can be met"). An absence of a likelihood of rehabilitation will be found where there is no business left to reorganize. Great American Pyramid, 144 B.R. at 791. See 11 U.S.C. §1112(b)(4)(A), (F) and (K).

22. The Debtor's failure to timely file the Schedules and Statements, failure to file monthly operating reports and failure to pay quarterly fees demonstrates a disregard of its responsibilities as a debtor in possession. The monthly operating reports provide a window into a debtor's operations, and the failure to comply with this basic fiduciary responsibility is indicative of an inability to reorganize. The Debtor's failure to fulfill its fiduciary obligations denies creditors access to important financial information regarding the Debtor's financial affairs. In fact, "[t]imely and accurate financial disclosure is the lifeblood of the Chapter 11 process." In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of Chapter 11 proceeding); see also, In re Roma Group, Inc., 165 B.R. 779, 780 (S.D.N.Y. 1994) (citing In re Berryhill); In re Tornheim, 181 B.R. at 164 (debtors' failure to file reports for ten months warranted conversion or dismissal). The failure to file any of the required monthly operating reports has deprived the Court, the United States

Trustee and the creditors of the ability to adequately monitor this case and effectively assess the viability of the Debtor's case. See 11 U.S.C. §1112(b)(4)(F).

23. Cause exists under 11 U.S.C. §1112(b0 because the Debtor has failed or refused to comply with its obligations as a debtor in possession, by failing to file monthly operating reports, pay quarterly fees, or otherwise, move this case forward towards reorganization as demonstrated by the lack of any activity on the docket. Under the 2005 amendments to the Bankruptcy Code, the court must dismiss or convert a case under 11 U.S.C. section 1112(b) if cause has been established. The United States Trustee has established cause, under 11 U.S.C. §§ 1112(b)(4)(A), (F) and (K), for dismissal, or in the alternative, a conversion to chapter 7.

**Dismissal of this case is in the Best Interests of Creditors**

24. The chapter 11 performance of this Debtor indicates that there is no hope for a successful reorganization. The Debtor has failed to meet the most basic obligations of a debtor-in-possession and based upon its assets and debt structure, there does not appear to be any assets for a chapter 7 trustee to administer. Dismissal of this case is in the best interests of the creditors, who will then be afforded the opportunity to enforce their respective rights outside this court. Accordingly, based on the totality of the circumstances, this case should be dismissed.

**CONCLUSION**

25. Cause exists under 11 U.S.C. §1112(b) to dismiss this case. Having voluntarily sought the protection of this Court and having totally disregarded its obligations, the Debtor should not be rewarded, and the creditors should not be further prejudiced, by the continuation of this case.

26. Based on the foregoing, the United States Trustee respectfully requests that the

Court enter an order pursuant to 11 U.S.C. §1112(b): (I) dismissing this case; or in the alternative, (ii) converting this chapter 11 case to one under chapter 7.

Dated: Central Islip, New York
       January 28, 2010

                              DIANA G. ADAMS
                              UNITED STATES TRUSTEE

                              /s/ Alfred M. Dimino
                              Alfred M. Dimino
                              Trial Attorney

                              560 Federal Plaza
                              Central Islip, New York 11722
                              631-715-7800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

   NIJO Properties, Inc.,

                                         Case No.8-09-78175-ast
                                         Chapter 11

                 Debtor.            **CERTIFICATE OF SERVICE**
------------------------------------------------------------X

     I, Linda Kmiotek, am employed at the Office of the United States Trustee for the Eastern District of New York, hereby certify that I served a true copy of the annexed Notice, Notice of Motion and Application to Convert This Case to Case Under Chapter 7 of the Bankruptcy Code or, in the Alternative, to Dismiss This Chapter 11 Case With Prejudice, by depositing same in a sealed envelope, with postage pre-paid thereon, by overnight delivery, addressed to the last known address of the addresses listed on the attached list.

| | |
|---|---|
| NIJO Properties, Inc.<br>65 Paul Avenue<br>New Hyde Park, New York 11040 | James O. Guy, Esq.<br>49 Spice Mill Boulevard<br>Clifton Park, NY 12065 |

Marc A. Pergament, Esq.
Weinberg Gross & Pergament, LLP
400 Garden City Plaza, Suite 403
Garden City, NY 11530

Marc E. Wieman, Esq.
Deputy County Attorney
County of Nassau
1 West Street
Mineola, NY 11501

Dated: Central Islip, New York
       January 28, 2010

                                                     ***S/ Linda Kmiotek***
                                                     Linda Kmiotek